**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4010**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LORENZO KEITH GOINS,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:17-cr-01203-MBS-1)

Submitted: July 31, 2019                       Decided: August 6, 2019

Before AGEE and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James P. Rogers, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Kathleen Michelle Stoughton, John David Rowell, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Keith Goins pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and the district court imposed a 57-month sentence, which was at the top of Goins' properly calculated Sentencing Guidelines range. On appeal, Goins contends that his sentence is procedurally and substantively unreasonable because the district court did not adequately explain its reasons for the sentence and failed to respond to Goins' argument for a downward variance. For the following reasons, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In assessing procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. "[A] district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why he has rejected those arguments." *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019) *petition for cert. filed*, __ U.S.L.W. __ (U.S. June 13, 2019) (No. 18-9654).

If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Gall*, 552 U.S. at 51. A sentence is presumptively reasonable if it is within or below the defendant's Guidelines range, and this "presumption can only be rebutted by showing that the sentence is

unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

To the extent that the district court erred by an overly terse explanation for imposing a sentence at the high end of the Guidelines range, any such error is harmless. *See United States v. Boulware*, 604 F.3d 832, 839 & n.2 (4th Cir. 2010). "For a procedural sentencing error to be harmless, the government must prove that the error did not have a substantial and injurious effect or influence on the result." *Ross*, 912 F.3d at 745.

Goins argued for a downward variance based on the nature and circumstances of the offense, his low risk of recidivism, and his family circumstances. The Government asked the district court to impose a sentence at the top of the Guidelines range to take account of the fact that, after his arrest, Goins repeatedly and explicitly threatened to shoot and kill the arresting officers. After the Government played portions of a video that showed Goins making these threats, the district court explained that it was imposing a 57-month sentence in light of the Guidelines range and having considered the statutory sentencing factors. Although the district court did not address any specific factor, we have reviewed the record and are confident that the district court considered and rejected Goins' arguments for a lower sentence. *See Boulware*, 604 F.3d at 839. Any procedural error is therefore harmless.

While Goins argues that his sentence is substantively unreasonable, nothing in the record rebuts the presumption of reasonableness attached to Goins' within-Guidelines sentence. We therefore affirm the district court's judgment. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*